101 A.3d 1075

IN THE MATTER OF RALPH V. FURINO, JR., AN ATTORNEY
AT LAW (ATTORNEY NO. 000131981).

November 19, 2014.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 14–033, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **RALPH V. FURINO, JR.,** formerly of **JAMESBURG,** who was admitted to the bar of this State in 1981, and who has been suspended from the practice of law since May 2, 2012, should be suspended from practice for a period of six months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to communicate with client), *RPC* 1.15(b) (failure to promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive), *RPC* 1.15(d) (recordkeeping violations), and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And good cause appearing;

It is ORDERED that **RALPH V. FURINO, JR.,** is suspended from the practice of law for a period of six months, effective immediately, and until the further Order of the Court; and it is further

ORDERED that respondent continue to comply with the conditions ordered by the Court on May 12, 2012 (D–100–11 and D–46–11), that required respondent to (1) submit proof of his fitness to practice law, prior to his reinstatement; (2) practice law under the supervision of a practicing attorney, after reinstatement and until the further Order of the Court; and (3) obtain and use a Post Office Box for receipt of office mail; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.